**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Francisco Javier DUARTE–SABORI,**
**a.k.a. Francisco Javier Duarte,**
**Defendant—Appellant.**

**Nos. 10–10542, 10–10543.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Jan. 12, 2012.

Dillon Fishman, Esquire, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Peter A. Matiatos, Law Office of Peter A. Matiatos, Tucson, AZ, for Defendant–Appellant.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Francisco Javier Duarte–Sabori appeals from the 63–month sentence imposed following his guilty-plea conviction for re-entry after deportation, in violation of 8 U.S.C. § 1326, and from the consecutive four-month sentence imposed following revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Duarte–Sabori contends that the district court erred by failing to explain its decision to deny a departure for cultural assimilation. He also contends that his sentence is substantively unreasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the district court's decision to impose a consecutive sentence for the supervised release violation. The district court did not procedurally err, and Duarte–Sabori's below-Guidelines sentence is reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. §§ 3553(a) and 3583(e). *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); U.S.S.G. § 7B1.3(f) (recommending that a supervised release revocation sentence be ordered to be served consecutively to "any sentence of imprisonment that the defendant is serving").

Duarte–Sabori also contends that the government acted arbitrarily by refusing to move for a third point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). His argument is foreclosed by

*United States v. Johnson,* 581 F.3d 994, 1002–04 (9th Cir.2009) (district court did not err in declining to grant additional one-level reduction because defendant's refusal to waive appellate rights was rational basis for the government's decision not to file a section 3E1.1(b) motion).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).